## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Michael Fiorito,                                    Case No. 22-cv-1368 (JRT/TNL)

            Petitioner,

v.                                                   **REPORT AND RECOMMENDATION**

Warden Fikes and Warden Leijune,

            Respondents.

Petitioner Michael Fiorito is a federal prisoner who was previously incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). Very shortly before his transfer from FCI-Sandstone on May 18, 2020, Fiorito placed into the prison mail system the petition for a writ of habeas corpus that commenced this action. *See* Petition at 10 [ECF No. 1]; *Fiorito v. Fikes*, No. 22-CV-0749 (PJS/TNL), Declaration of Heather Kensy ("Kensy Decl.") Ex. A [ECF No. 22-1] (D. Minn. Aug. 31, 2022). The Court received the habeas petition on May 20, 2022, two days after Fiorito had been transferred from FCI-Sandstone to a federal prison in another state.

After learning of the transfer, this Court ordered Fiorito to show cause why this matter should not be transferred to a more appropriate venue. *See* Order of June 9, 2022 [ECF No. 3] (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998)). Fiorito has now responded to the order to show cause. *See* ECF No. 9. In his response, Fiorito contends (1) that the Court retains jurisdiction over the habeas petition because the petition was filed while he was incarcerated at FCI-

Sandstone; and (2) that although the Court has the discretion to transfer this matter to the district in which he is now detained, the petition is more appropriately considered in this venue. *Id.* After review of Fiorito's response, this Court concludes that it lacks jurisdiction over the habeas petition and recommends that the petition be transferred to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1631.

As explained in this Court's earlier order to show cause, a habeas proceeding is properly brought against the person having direct custody of the petitioner—i.e., the warden of the facility where the petitioner is being detained. *See Padilla*, 542 U.S. at 435. "[A] court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian." *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1980). "*Once the custodian is properly served*, subsequent transfer of the petitioner does not cause a loss of habeas corpus jurisdiction in the original district." *Id.* (emphasis added). The central question, then, is whether the service of process was properly effected upon the respondent prior to Fiorito's transfer away from FCI-Sandstone. If service of process was *not* properly effected before Fiorito had been relocated to another state, then the Court lacks jurisdiction over this proceeding and must either dismiss the petition for lack of jurisdiction or transfer this proceeding to a more appropriate venue. *See* 28 U.S.C. § 1631.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts governs service of process in federal habeas corpus proceedings.[1] Unlike in traditional non-habeas civil matters, *see* Fed. R. Civ. P. 4, a litigant bringing a habeas

---

[1] This is true even though Fiorito's petition is not brought under 28 U.S.C. § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

corpus action is not himself responsible for effecting service of process. Instead, under Rule 4 of the Rules Governing Section 2254 Cases, service of process is effected by the Court itself. Upon receipt of the habeas petition, the Clerk of Court must "serve a copy of the petition" upon the respondent and upon the appropriate governmental entities who it is anticipated will be responsible for representing the respondent during the habeas proceeding. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

The problem for Fiorito is that, by the time that the Court had received his habeas corpus petition and thus could effect service of process, his immediate custodian—that is, the appropriate respondent to this habeas action—was no longer located within the jurisdiction of the Court. Fiorito was transferred from FCI-Sandstone on May 18, 2022; he was briefly detained at the Federal Correctional Institution in Oxford, Wisconsin; and then, on May 19, 2022, he was relocated to the United States Penitentiary in Terra Haute, Indiana. *See* Kensy Decl. Ex. A at 1. This is where Fiorito resided—and, more importantly, where Fiorito's immediate custodian was located—at the time the Court received Fiorito's habeas petition and attempted to effect service of process consistent with Rule 4. By that time, however, Fiorito's immediate custodian could no longer be reached by service of process by this Court. *See Noll v. People of State of Neb.*, 537 F.2d 967, 969 & n.2 (8th Cir. 1976). Because at no time since the commencement of this action could the Court properly effect service of process, never has this Court had jurisdiction over this proceeding. The Court therefore cannot proceed to the merits of Fiorito's claim for habeas relief.

Under § 1631, the Court may transfer to a more appropriate venue any action over which it lacks jurisdiction if such a transfer would be in the interests of justice. Because the claim raised in Fiorito's petition appears to present a non-frivolous issue of law, this Court will recommend transfer of the petition rather than dismissal of this matter.[2] Fiorito is currently incarcerated at the Federal Correctional Institution in Herlong, California ("FCI-Herlong"), and his immediate custodian is therefore located within the geographic boundaries of the Eastern District of California. Accordingly, it is recommended that this matter be transferred to that venue pursuant to § 1631. Fiorito's application to proceed *in forma pauperis* [ECF No. 2] remains pending and may be left to the transferee court for disposition.

[Continued on next page.]

---

[2] Fiorito's response to this Court's order to show cause includes a motion "that this case remain with this Court in the interests of justice." ECF No. 9 at 1 (capitalization altered). Fiorito is correct that the "decision to transfer a case . . . under § 1631 . . . is within the Court[']s discretion," *id.* at 2, but the decision put before the Court under § 1631 is to transfer or to *dismiss*, not to transfer or to retain for substantive disposition a matter over which the Court lacks jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY RECOMMENDED THAT**:

1.     This matter be **TRANSFERRED** to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1631.

2.     Petitioner Michael Fiorito's motion that the case remain with this Court [ECF No. 9] be **DENIED**.

Dated: November____1____, 2022                    _____*s/ Tony N. Leung*_____
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Fiorito v. Fikes et al.*
                                                  Case No. 22-cv-1368 (JRT/TNL)

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).